# EXHIBIT "A"

| | |
|---|---|
| **From:** | Predrag Filipovic |
| **To:** | Christopher Negrete |
| **Cc:** | Christopher B. Burch; Cathy Newton |
| **Subject:** | [EXTERNAL] Re: Amres v. Muffoletto, et al. |
| **Date:** | Friday, May 3, 2024 12:18:12 PM |
| **Attachments:** | Rev_Stipulation to Amend Fourth Amended Complaint.pdf |

> **CAUTION:** This email originated from outside the organization.
> Do not click links or open attachments unless you are expecting them from the sender.

Dear Counsel,

There are no claims at this time asserted against Rev Mortgage for breach of fiduciary duty in the 4th Amended Complaint, so you can not in good faith, move to dismiss a claim against Rev Mortgage that was not made.
The real, question here is really is are the paragraphs you reference scandalous matter that prejudices your clients so that they must be stricken. We do not believe that it does.
Both paragraphs are actually true statements of law, based on very apparent facts, with a cited precedent that directly aligns, as facts do suggest that Muffoletto was working for benefit of Revolution prior to leaving Amres, so that Rev would be responsible via respondent superior for his actions and omissions that breached the duties to Amres while he was employed there in addition to being a servant of Revolution's interests. See case cited in those paragraphs you want stricken.
However, Your insistence to remove any mention of the joint liability for Muffoletto's breach of fid duty against Revolution, from operative complaint, bring up another question, one that now can no longer be ignored, and one that cuts directly to Your and your co counsel's ability to represent Muffoletto and Revolution without a very apparent conflict of interest . You have a duty and plenty of resources at your own disposal to ascertain such a conflict, which should have been done already.
Since the relevant time period for Muffoleto's Breach of Fid duty claim overlaps with Revolution Tort Interference claim, and you insist that Rev is not jointly and severally liable for Muffoletto's breach of fid claim, how can you possibly represent both clients with same earnest duty with respect to damages caused to Amres with the same conduct.

e.g Michael may say, yeah I did what they told me, they interfered, and Rev may say no you did that on your own...

A court may restrain conduct which it feels may develop into a breach of ethics; it 'is not bound to sit back and wait for a probability to ripen into a certainty."' Id. at 106, quoting Maritrans G.P. Inc. v. Pepper, Hamilton & Scheetz,529 Pa. 241, 255, 602 A.2d 1277, 1284 (Pa. 1992). "The test of whether an attorney has a conflicting interest so as, to preclude his representation of a party is not the actuality of conflict, but the possibility that a conflict may arise." Greenfield, supra. at 107 quoting Middleberg v. Middleberg, 427 Pa. 114, 115, 233 A.2d 889, 890 (Pa. 1967).

If you'd stipulate to allow claim of Muffiletto's Breach of Fid duty to be asserted against Revolution, under joint and several liability as explained, let me know and I can design a stip to that effect, or we may move to vacate that part of the order, to allow, it, however if not, then here is a revised version of your stip we would sign.

I also would like to stress on a different note that today is the due day for verified responses to discovery served on Defendants on April 3rd 2024, to be served upon Amres.

Thank you
Sincerely

***Predrag Filipovic, Esq.***
 Philadelphia Office
230 S Broad St. Fl 17, Ste 36
Philadelphia, PA 19102
**Office Line** 267 265 0520;
**Facsimile**  215 974 7744;
www.stopripoff.com,
www.ifight4justice.com
**Member** *National Association of Consumer Advocates*
NACA

**\*\*ATTORNEY-CLIENT PRIVILEGED; DO NOT FORWARD WITHOUT PERMISSION.\*\***This email, including any attachments, is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, is confidential, and legally privileged. This message and the information contained herewith may be protected by the attorney-client privilege and/or the attorney work-product privilege. It is intended only for the individual(s) named above and the privilege(s) is/are not waived by virtue of having been sent via electronic means. If the person or entity actually receiving this message or any other reader or possessor of the message is not the named recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution, or copying of this communication is STRICTLY PROHIBITED. If you have received this communication in error, please notify us immediately and destroy the original and any and all copies of the original message and attachments. **DISCLOSURE UNDER IRS CIRCULAR 230**: Unless expressly stated otherwise, nothing contained in this communication is intended or written to be used, nor may it be relied upon or used, (1) by any taxpayer for the purpose of avoiding penalties that may be imposed under the Internal Revenue Code, and/or (2) by any person to support the promotion or marketing of or to recommend any Federal tax transaction(s) or matter(s) addressed in this communication.

I am not your lawyer unless and until we agree, in a writing you and I both sign, and thereby both agree to the terms and conditions of my representation on your behalf.

On Thu, May 2, 2024 at 6:02 PM Christopher Negrete <cnegrete@ohaganmeyer.com> wrote:

> Good afternoon, Predrag:
>
> While the Court dismissed **with prejudice** Amres's claims against Revolution for breach of fiduciary duty and breach of contract *(ECF 29)*, your Fourth Amended Complaint continues to assert such claims via Paragraphs 47 and 94.  I trust that this is a mere oversight and not an intentional end-run around the Court's Order.  As such, please confirm no later than noon tomorrow, May 3, 2024, that you agree to strike these two paragraphs from the Fourth

Amended Complaint by signing and returning the attached Stipulation to Amend Plaintiff's Fourth Amended Complaint which I will file with the Court upon receipt. To the extent that you do not agree or do not respond, we will request an award of fees and costs for having to continue to seek dismissal of claims that have already been fully and finally dismissed.

Best regards,

Chris

**Christopher C. Negrete**

Partner, Philadelphia

Three Logan Square | 1717 Arch Street | Suite 3910 | Philadelphia | PA | 19103
PH 215.461.3300 | DIR 215.461.3304 | FX 215.461.3311



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMRES CORPORATION, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | NO. 2:24-cv-00771-MAK |
| | : | |
| MICHAEL MUFFOLETTO; T2 FINANCIAL, LLC D/B/A REVOLUTION MORTGAGE; ANTHONY GROTHOUSE; AND TIMOTHY JOHNSON, | : : : : | |
| | : | |
| Defendants | : | |

**STIPULATION TO AMEND PLAINTIFF'S FOURTH AMENDED COMPLAINT**

It is hereby stipulated and agreed by and between the undersigned that Paragraphs 47 and 94 of Plaintiff's Fourth Amended Complaint *(ECF 30)* are hereby **STRICKEN**.

**LAW OFFICE OF PREDRAG FILIPOVIC, ESQ.**

BY: _____
PREDRAG FILIPOVIC
*Attorney for Plaintiff,*
*Amres Corporation*

**O'HAGAN MEYER, PLLC**

BY: _____
JOHN P. MORGENSTERN
CHRISTOPHER C. NEGRETE
DREW L. MALLICK

**BAILEY CAVALIERI LLC**

CHRISTOPHER B. BURCH
(admitted *pro hac vice*)

*Counsel for Defendants Michael Muffoletto, T2 Financial LLC d/b/a Revolution Mortgage, Anthony Grothouse and Timothy Johnson*

**APPROVED:**

_____
**THE HONORABLE MARK A. KEARNEY**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMRES CORPORATION, | : | CIVIL ACTION |
| Plaintiff, | : | |
| vs. | : | NO. 2:24-cv-00771-MAK |
| MICHAEL MUFFOLETTO; T2 FINANCIAL, LLC D/B/A REVOLUTION MORTGAGE; ANTHONY GROTHOUSE; AND TIMOTHY JOHNSON, | : | |
| Defendants | : | |

## STIPULATION OF COUNSEL

It is hereby stipulated and agreed by and between the undersigned that Paragraphs 47 and 94 of Plaintiff's Fourth Amended Complaint (ECF 30) are hereby STRICKEN.

It is also stipulated and agreed that Defendants' attorneys have a conflict of interest under Rule 1.7 of Pa.R.P.C. that prevents them from representing Michael Muffoletto and Revolution Mortgage, concurrently, in this matter, therefore they immediately withdraw from representing _____.

BY: **LAW OFFICE OF PREDRAG FILIPOVIC, ESQ.**

_____
PREDRAG FILIPOVIC
*Attorney for Plaintiff,
Amres Corporation*


**APPROVED:**


_____
**THE HONORABLE MARK A. KEARNEY**

**O'HAGAN MEYER, PLLC**

BY: _____
JOHN P. MORGENSTERN
CHRISTOPHER C. NEGRETE
DREW L. MALLICK

**BAILEY CAVALIERI LLC**

CHRISTOPHER B. BURCH
(admitted *pro hac vice*)

*Counsel for Defendants Michael Muffoletto, T2 Financial LLC d/b/a Revolution Mortgage, Anthony Grothouse and Timothy Johnson*